Dear Mr. Burmaster:
You have requested an opinion of the Attorney General, in your capacity as legal counsel for the Plaquemines Parish Government, relative to the payment of mileage allowances to several members of the Parish Council. You state that said payments are made pursuant to "mileage agreements" which compensate for travel incurred in the public interest in their transaction of legislative and councilmanic duties. The agreements call for reimbursement at a flat rate, currently set by resolution at $250.00 per month.
Section 4.08 of the Parish Charter sets the compensation of each council member as follows:
 "The compensation of each Council member shall be no greater than ONE-THIRD (1/3) of the compensation, including any supplements thereto, payable monthly, received by a Judge of the 25th Judicial Court, Parish of Plaquemines, Louisiana."
Your first question is whether the $250.00 travel allowance constitutes "compensation" for purposes of computing the council members' salaries as per the Charter. You state that the Parish President and the state's Legislative Auditor have expressed the opinion that the allowance should be treated as compensation and not a reimbursement of travel expenses.
On Wednesday, January 6, 1993, I spoke with Mr. George Baker, Assistant Branch Chief, Income Tax Accounting Branch No. 2, Internal Revenue Service, Washington, D.C. The following represents the position of the U.S. Department of the Treasury regarding your first question. In 1989, Section 62 of the Internal Revenue Code was implemented. It provides that, unless an employer knows a payment to an employee constitutes a reimbursement of business expenses, the payment is presumed to be compensation and taxes must be withheld therefrom. In other words, to the extent adequate documentation is submitted by the employee to the employer, the Internal Revenue Service does not require the transaction to be reported as compensation or income. We focus now on your remaining questions.
Your second and third questions relate to the legal efficacy of the "mileage agreement," itself. As stated above, the mileage agreement affords the councilmen a monthly recompense of $250.00, said amount having been fixed based on a reasonable belief that $250.00 per month compensates them for all properly deductible automobile expenses. Historically, councilmen have not been required to submit documentation to substantiate their expenses. The issue presented is whether such documentation is necessary.
While the Parish Charter grants the Plaquemines Parish Government broad and sweeping powers to adopt regulations and resolutions with regard to the travel expenses of its offices, these powers are not unfettered. Article VII, Section 14 of the 1974 Louisiana Constitution provides, in pertinent part, the following:
 "Section 14. (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private . . . ."
As can be gleaned from the above language, while the Council may provide its officers compensation and the reimbursement of travel expenses actually incurred, it is prohibited from donating its funds. If a councilman is granted an expense allowance, but does not render an accounting for the travel expenses actually incurred, it would be impossible for the Council to determine that the expense allowance was used to reimburse travel expenses. For example, if a councilman incurred no travel expenses for a given month, the allowance paid to him would constitute either a prohibited donation, or additional compensation. If the councilman actually incurred $200.00 in legitimate expenses, the excess (i.e. $50.00) would constitute either additional compensation or a prohibited donation. If the travel allowance, or unused portion thereof, is intended to be additional compensation, it should be reported as income to federal and state taxing authorities on appropriate reporting forms. If it is not additional compensation, the unused portion should be returned so as not to constitute a violation of Article VII, Section 14.
We are of the opinion that in order for the Plaquemines Parish Government to place itself within the legal parameters of our State Constitution and applicable federal and state tax laws, councilmen receiving expense allowances must, at a minimum, provide the Plaquemines Parish Government with an adequately documented itemization of their expenses actually incurred.
Trusting this adequately responds to your request, I am
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH, III:lbw-0044R